IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION
NO. 4:15-CV-026-BO

UNITED STATES OF AMERICA, for the )
use and benefit of SUNLAND BUILDERS, )
INC., )
)
    Plaintiff, )
)
v. )          **ORDER**
)
SAUER INCORPORATED; FEDERAL )
INSURANCE COMPANY; & MOUNTAIN )
CHIEF MANAGEMENT SERVICES, INC. )
)
    Defendant. )

This matter is before the Court on the parties' joint motion to reconsider its earlier order

directing the parties to file dismissal paperwork. For the following reasons, the motion is

granted.

## BACKGROUND

Sunland filed its Miller Act complaint on February 12, 12015, alleging that it performed

additional work on construction a project at Camp Lejeune (the Project) at the direction of Sauer

and seeking to recover amounts to which it allege it is entitled. On May 26, 2015, the Court

stayed the case following the parties' joint consent motion to stay and ordered the parties to

provide the Court with status reports every 90 days beginning on October 1, 2015. Around

November 2, 2015, Sunland, Sauer, and Federal Insurance Company reached an agreement to

stay, cooperate, and jointly prosecute that contemplates Sunland and Sauer jointly pursuing

claims against the Project's owner. On November 4, 2015, the Court ordered the parties to file

dismissal papers within 45 days, subject to the right of any party to provide notice to the Court

within that time that settlement will not be reached.

## DISCUSSION

The parties now inform the Court that their November 2, 2015, agreement does not settled this matter and request that this matter continue to be stayed pending resolution of the claims against the Project's owner. In support of their motion, the parties state that if they are required to litigate the claims at issue in this case while simultaneously pursuing their claims against the Project's owner, both claims will be prejudiced.

In the interest of judicial economy, the Court finds that good cause exists for the relief requested. Accordingly, the motion to reconsider is granted. The matter will continue to be stayed pending resolution of the claims against the Project owner without any imminent requirement that the parties file dismissal paperwork. The parties will continue to provide status reports to the Court every 90 days, beginning February 1, 2015.

## CONCLUSION

For the foregoing reasons, the parties' motion to reconsider [DE 28] is GRANTED. This matter continues to be STAYED until resolution of Sunland and Sauer's claims against the Project owner, subject to the requirement that the parties file status reports with the Court beginning February 1, 2015, and continuing every 90 days thereafter until the claims against the Project owner are resolved.


SO ORDERED, this __5__ day of January, 2016.


_____
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE


2